# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

PAMELA COSBY,

               Plaintiff,

      v.

HOFFMAN-LA ROCHE, INC.,

               Defendant.

Case No. 2:10-CV-180

JUDGE SARGUS

MAGISTRATE JUDGE DEAVERS

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant Hoffman-La Roche, Inc.'s Motion to Dismiss for failure to state a claim. (Doc. 7.) For the reasons that follow, the motion is **DENIED**. Additionally, Defendant's Motion to Stay Discovery Pending Resolution of Defendant's Motion to Dismiss (Doc. 15) is **DISMISSED** as moot.

## I. Background

The following facts are taken from Plaintiff Pamela Cosby's complaint. Defendant employed Cosby in October 2006 to market the anemia drug Mircera to nephrologists. (Compl. ¶ 3.) Prior to this employment, Cosby had twenty years of experience in pharmaceutical sales. (Compl. ¶ 4.) In 2008, Defendant did not receive approval to sell Mircera; accordingly, Defendant offered Cosby either six months severance or employment in another marketing division. (Compl. ¶ 5.) Cosby decided to retain her employment and she subsequently began marking rheumatology medicine. (Compl. ¶ 6.) Despite her high sales results, which exceeded the national average, Defendant terminated Cosby on July 17, 2009. (Compl. ¶¶ 7–8.)

At the time of her termination, Cosby was fifty-two years old and she alleges that her replacement was substantially younger. (Compl. ¶ 9.) Cosby claims that her age was the

determining factor in Defendant's decision to terminate her employment and alleges that Defendant has a pattern and practice of age discrimination. (Compl. ¶¶ 10, 11.)  On September 10, 2009, Cosby filed a complaint with the Ohio Civil Rights Commission and the Equal Employment Opportunity Commission alleging age discrimination.  (Compl. ¶ 12.)  Cosby then filed this action pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634 ("ADEA").  The Court now considers Defendant's Motion to Dismiss for failure to state a claim upon which relief can be granted.

## II. Plaintiff's Motion to File Supplemental Authority

As a preliminary matter, also currently pending before the Court is Plaintiff's Motion to File Supplemental Authority (Doc. 18).  The Court grants this motion, and will consider Judge Spiegel's opinion in *Lewis v. Taylor*, No. 1:10-CV-00108, Doc. 23 (S.D. Ohio Sept. 21, 2010).

## III. Standard of Review

A Rule 12(b)(6) motion requires dismissal if the complaint fails to state a claim upon which relief can be granted.  While Rule 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Furthermore, "[a]lthough for purposes of a motion to dismiss [a court] must take all the factual allegations in the complaint as true, [it] [is] not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949–50 (quoting *Twombly*, 550 U.S. at 55) (internal quotations omitted).

## IV. Discussion

### A. ADEA Claim

The ADEA prohibits an employer from discharging or discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age . . . ." 29 U.S.C. § 623(a)(1). To succeed on an ADEA claim, a plaintiff must show that age was the "but for" cause of an adverse employment action. *Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343, 2351 n.4 (2009). A plaintiff may use direct or circumstantial evidence to do so. *Geiger v. Tower Automotive*, 579 F.3d 614, 620 (6th Cir. 2009). A plaintiff may establish a prima facie case under the ADEA by demonstrating: (1) membership in a protected class; (2) adverse employment action; (3) qualifications for the previous position; and (4); replacement by a substantially younger employee. *See Allen v. Highlands Hosp. Corp.*, 545 F.3d 387, 394 (6th Cir. 2008).

Despite the rather terse allegations of her complaint, Cosby has pled sufficient allegations to state a plausible claim for relief under the ADEA. This Court must accept all Cosby's factual allegations as true. Then, this Court may only dismiss the suit if the facts fail to state a claim that is "plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). Cosby pled allegations, which, if taken as true, state a prima facie case under the ADEA. Cosby alleges: (1) that she is fifty-two years old, and thus a member of the protected class; (2) termination from her position; (3) job qualifications in the form of twenty years of experience and sales results above national averages; and (4) that Defendant replaced her with a substantially younger individual. (Compl. ¶¶ 4–9.) These allegations are not mere "threadbare recitals of the elements of a cause of action;" Cosby pled facts that create a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949. A claim is plausible when the allegations allow the court to

3

draw a reasonable inference of liability. *Id.* A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, it only requires allegations that nudge a complaint "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570. Cosby's allegations satisfy the plausibility standard.

Defendant claims that Cosby only states bare conclusory allegations, which are insufficient to establish a claim for relief. However, the cases Defendant cites in support of its motion to dismiss are distinguishable from the present case. For instance, Defendant relies on *Williams v. United Steel Workers of America*, where the plaintiff's ADEA action against a union was dismissed for failure to state a claim. *Williams v. United Steel Workers of Am, AFL-CIO, Local 7697*, No 1:09-CV-743, 2010 WL 909883, at \*4–\*5 (S.D. Ohio Mar. 10, 2010). In *Williams*, the court examined pleadings pertaining to a discrimination claim against the employee's union. *Id.* at \*4. After the employer terminated Williams, he filed a grievance with his union and the union sought arbitration on his behalf, but later informed him that it would cease to pursue arbitration because his claim lacked merit. *Id.* at \*1–\*2. Because the union did not terminate Williams' employment, his ADEA claim against the union was based solely on the union's grievance procedures, not the termination. *Id.* at \*4. Therefore, in order to defeat a motion to dismiss, Williams needed to allege that the union treated members of unprotected classes more favorably with respect to the grievance procedures. *Id.* at \*5. The Court dismissed the claims against the union because Williams failed to allege that similarly situated employees who were not members of a protected class were treated more favorably by the grievance procedures. *Id.*

Defendant's reliance on *Williams* is misplaced. Unlike the allegations against the union in that case, Cosby alleges an identifiable adverse employment action—termination. In addition,

Cosby alleges that Defendant hired a substantially younger employee to replace her. (Compl. ¶ 9.) Thus, Cosby's complaint contains allegations going to all the essential elements of an ADEA claim, whereas Williams' complaint lacked critical allegations.

### B. Pattern-or-Practice Allegations

Defendant asserts that Cosby's allegation that it engaged in a "pattern and practice" of age discrimination, (Compl. ¶ 10), is not a cognizable cause of action for individual plaintiffs. While it is unclear if Cosby's pattern and practice allegation was intended merely to support her ADEA claim or stand alone as its own claim, Defendant is correct that pattern-or-practice claims concerning discrimination are not available to individual plaintiffs. *Bacon v. Honda of Am. Mfg., Inc.*, 370 F.3d 565, 575 (6th Cir. 2004). Accordingly, to the extent that Cosby's allegation of a pattern and practice of discrimination was intended to stand alone as a separate claim, it cannot go forward. However, the Court notes that while a pattern-or-practice allegation is not sufficient to establish disparate treatment, "pattern-or-practice evidence may be relevant to proving an otherwise-viable individual claim . . . ." *Id.*

### C. Employment Relationship

Cosby brought this action against "Hoffman-La Roche, Inc." Defendant points out that the correct spelling of its name is "Hoffmann-La Roche Inc." Defendant also claims that Cosby's actual employer was Roche Laboratories Inc., a subsidiary of Defendant. Defendant asserts that Cosby's complaint should be dismissed because Cosby has failed to name her actual employer as the defendant in this lawsuit and has provided no grounds to demonstrate why liability should attach to the parent entity of her actual employer. Defendant further asserts that dismissal is warranted because Cosby's complaint fails to allege an employment relationship

between herself and Defendant.  According to Defendant, even if Cosby had named Roche Laboratories as the defendant, her complaint would still fail for that reason.

Defendant's contentions are without merit.  Cosby's complaint sufficiently alleges that an employment relationship existed.  In this regard, Paragraph 3 of the complaint states that Cosby "was hired by the Defendant," Paragraph 6 indicates that Cosby performed work for Defendant, and Paragraph 8 states that she was terminated from her position.  These allegations, taken together, suggest an employment relationship.  Additionally, at this stage in the litigation, it is not relevant that Cosby may actually have been employed by the subsidiary of Defendant and not Defendant itself, because, for purposes of deciding a Rule 12(b)(6) motion, the Court must assume that the factual allegations in the complaint are true, and the complaint alleges that Cosby was employed by Defendant.

**V. Conclusion**

For the reasons discussed above, the Court hereby **DENIES** Defendant's Motion to Dismiss (Doc. 7).

**IT IS SO ORDERED**


_12 - 7 - 2010_
_____
**DATED**

_____
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**